UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                          Chapter 7

    JESSICA L. SCHAEFER                                       BKY 17-60501

    Debtor.

---

UNITED STATES TRUSTEE'S APPLICATION TO REOPEN CASE

---

The United States Trustee, by his undersigned attorney, applies to the court for an order reopening the above entitled case. In furtherance of his application, the U.S. Trustee states as follows:

1. This application is being brought under 11 U.S.C. §350(b), Bankruptcy Rule 5010 and Local Rule of Bankruptcy Procedure 5010-1.

2. This case was originally filed as a voluntary chapter 7 case on August 15, 2017, and Erik Ahlgren was appointed chapter 7 trustee (Trustee). As Trustee, Mr. Ahlgren did not find non-exempt assets to liquidate for the benefit of creditors.

3. The debtor obtained a discharge on December 5, 2017, and on December 20, 2017, the trustee was discharged and the case was closed.

4. Recently, it was discovered that the debtor had an undisclosed interest in real estate. The interest consisted of a one-fourth remainder interest in certain property owned with the debtor's siblings. The property has now been sold and the debtor's interest in the property, separate from her siblings, is approximately $7,000.00.

5. The real estate proceeds are property of the estate and the chapter 7 trustee needs to administer the funds for the benefit of creditors.

6. It also appears that the proceeds cannot be exempted by the debtor.

7. The bankruptcy estate's interest in the previously undisclosed real estate needs to be administered by a bankruptcy trustee. Therefore, the bankruptcy case needs to be reopened so that a trustee can assert the estate's interest in the sale proceeds and collect such funds. The trustee would then need to administer the funds and make an appropriate distribution to creditors.

8. The United States Trustee requests that the case be reopened so that he can appoint a chapter 7 trustee to investigate the value of and to administer the proceeds from the sale, as well as any other non-exempt assets of the debtor, including any funds that constitute property of the bankruptcy estate.

9. Upon reopening of the case, the U.S. Trustee expects to reappoint as trustee Mr. Ahlgren. Reopening fees are not applicable since the U.S. Trustee is filing this application. (See Memorandum).

WHEREFORE, the United States Trustee requests that the court enter an order reopening the above entitled case for the purpose of appointing a trustee to administer certain assets and for any other purposes necessary to the administration of the estate.

Dated: June 22, 2018

JAMES L. SNYDER
Acting United States Trustee

By:   e/Michael R. Fadlovich
Michael R. Fadlovich
Trial Attorney – MN I.D. #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
612/ 334-1350

## VERIFICATION

    I, Michael R. Fadlovich, an attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: June 22, 2018

                                                                                                                                s/Michael R. Fadlovich
                                                                                                                             Michael R. Fadlovich

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                            Chapter 7

    JESSICA L. SCHAEFER                                             BKY 17-60501

    Debtor.

---

UNITED STATES TRUSTEE'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION TO REOPEN CASE

---

    The United States Trustee, by his undersigned attorney, submits this Memorandum of Law in support of his application to the court for an order reopening the above entitled case. In furtherance of his position, the U.S. Trustee states as follows:

    Applications to reopen cases are allowed under 11 U.S.C. §350(b), Bankruptcy Rule 5010 and Local Rule of Bankruptcy Procedure 5010-1. Local Rule of Bankruptcy Procedure 5010-1(c) provides that requests to the court for the reopening of a case be made by application rather than by motion.

    Local Rule of Bankruptcy Procedure 5010-1(a) sets forth instances where reopening of a case is unnecessary. Local Rule of Bankruptcy Procedure 5010-1(b) allows for the reopening of a case where the relief requested is not set forth in Local Rule 5010-1(a). The interest of the estate to be administered in this case consists of a previously undisclosed interest in certain real estate which was undisclosed. The real estate has now been sold and the debtor's interest in those proceeds must be administered by the trustee for the benefit of all creditors. The administration and distribution of assets is not listed in Local Rule 5010-1(a), which establishes when a case need not be reopened. Instead, the present situation falls under Local Rule 5010-1(b) which requires the case to be reopened.

Although Local Rule 5010-1(d) has provisions which allow for the deferral or waiver of the filing fee for reopening the case, that provision is not applicable to the United States Trustee. Fees for reopening a bankruptcy case are set forth in the Judicial Conference Schedule of Fees, applicable to 28 U.S.C. §1930 (Effective December 1, 2016). Under subparagraph 11 of that fee schedule, the reopening fees for a chapter 7 case is $245.00. However, that entire fee schedule is prefaced by an exemption for the United States Trustee, insofar as the schedule provides: "Federal agencies or programs that are funded from judiciary appropriations . . . should not be charged any fees under this schedule". *Id*. Accordingly, the U.S. Trustee need not pay the reopening fee.

Upon the reopening of a case, the United States Trustee is authorized to appoint a trustee in order to assure that the interests of creditors are protected. See Fed. R. Bankr. P. 5010. In the present case, the United States Trustee has not yet determined with finality whom to appoint.

Based on the circumstances of this case as well as applicable law and procedures, the court should enter an order reopening this case.

JAMES L. SNYDER
United States Trustee
Region 12

Dated: June 22, 2018

By:   e/Michael R. Fadlovich
Michael R. Fadlovich
Trial Attorney    MN I.D. #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
612/334-1356

## CERTIFICATE OF SERVICE

In re:  Chapter 7

    JESSICA L. SCHAEFER  BKY 17-60501

    Debtor.

The undersigned hereby certifies under penalty of perjury that she is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers.   That on June 22, 2018, she served a copy of the attached: United States Trustee's Application to Reopen Case by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail with postage prepaid in the proper amount.

**Jessica L Schaefer**
**1105 2nd St N**
**Saint Cloud, MN 56303**

**Sam Calvert**
**Sam V Calvert PA**
**1011 2nd St N Ste 107**
**St Cloud, MN 56303**

**Erik Ahlgren**
**Ahlgren Law Office**
**220 W Washington Ave**
**Ste 105**
**Fergus Falls, MN 56537**

                                              <u>e/Lilia Serna de Coronado</u>
                                              U.S. Trustee's Office
                                              300 South Fourth St., #1015
                                              Minneapolis, MN   55415

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                Chapter 7

    JESSICA L. SCHAEFER                            BKY 17-60501

    Debtor.

This matter came before the Court on the *ex parte* application by the United States Trustee for an order reopening the bankruptcy case.

From the application by the United States Trustee, it appears that cause has been shown under Fed. R. Bankr. P. 5010 and 11 U.S.C. §350(b) to reopen the case.

Now therefore, it is hereby ORDERED:

1. That the above entitled case is reopened.

2. If appropriate, the United States Trustee shall appoint a chapter 7 trustee.

3. The trustee, upon qualification, may undertake any and all appropriate proceedings in this case.

                                                                        _____
                                                                        United States Bankruptcy Judge